**Anthony Charles GRAVES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 72042.

Court of Criminal Appeals of Texas.

April 23, 1997.

Rehearing Denied June 18, 1997.

Virgie Lemond Mouton, Sugarland, for appellant.

Charles J. Sebesta, Jr., District Attorney, Caldwell, Larry P. Urquhart, Brenham, Matthew Paul, State's Atty., Austin, for State.

BAIRD, Judge.

Affirmed.

MANSFIELD, J., concurs in the result.

WOMACK, J., joins the judgment of the Court and its opinion except Part VIII.

KELLER, Judge, concurring.

In this capital murder case, there arises an issue which has been the subject of some disagreement among members of the Court. I take this opportunity to explain my views regarding using the names of victims in the Court's opinions.

This Court has no policy regarding using victims' full names, except that in cases involving sex offenses the Court often uses the victim's initials. I agree with this practice because it is my perception that in such cases victims often prefer to be called by their initials. Outside of that, I believe that victims neither want nor deserve to be reduced to anonymity.

Apparently, the majority believes that making victims anonymous is appropriate because their names are not relevant, and because it protects them from humiliation and embarrassment. *See Matamoros v. State,* 901 S.W.2d 470, 479 (Tex.Crim.App. 1995)(Baird, J. concurring). I believe this reflects a misperception of how victims wish (or would wish) to be treated, because it suggests that there is something publicly embarrassing about having been chosen as a victim. Though it may well be humiliating to *endure* a criminal attack, there is nothing shameful about being a victim. We should repudiate the view that implies that there is.

In this case, the majority goes a step beyond initials and refers to Appellant's victims as "Victim A" through "Victim F." Even though the majority does not intend it so, I believe this manner of designation is insulting to the victims. Appellant killed six people—not six letters of the alphabet. I cannot join an opinion which treats murder victims as if they were mere variables in a legal problem.

I join only the judgment of the Court.[1]

McCORMICK, P.J., and HOLLAND, J., join.

---

1. I also disagree with the majority's analysis in points of error five, seven, and eight.